```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------ x
                                           :
SOUL CIRCUS, INC.,                         :   Case No. 07 CV 10597
                                           :
            Plaintiff,                     :
                                           :   ANSWER
    - against -                            :
                                           :
TREVANNA ENTERTAINMENT, LLC                :
and THE APOLLO THEATER FOUNDATION, INC.    :
                                           :
                                           :
            Defendants.                    :
------------------------------------------ x
```

Defendant **TREVANNA ENTERTAINMENT LLC** ("Trevanna"), by its attorney Lawrence W. Rader, Esq., respectfully replies to and answers the Complaint (the "Complaint") filed by the plaintiff Soul Circus, Inc. ("Soul Circus"), as follows:

**ANSWER**

1. Trevanna denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

2. Trevanna admits the first sentence in paragraph 2 of the Complaint. Trevanna denies the remaining allegations in paragraph 2.

3. Trevanna denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 3 of the Complaint. In response to the second sentence of paragraph 3, Trevanna respectfully refers the Court to the Apollo website and submits that such website speaks for itself and should be viewed in its entirety.

4. Trevanna denies knowledge or information sufficient to form a belief as to whether a factual basis exists for diversity jurisdiction, as alleged in paragraph 4 of the

Complaint. The remainder of paragraph 4 asserts conclusions of law as to which no response is required.

5. Trevanna denies the allegation contained in paragraph 5 of the Complaint, except admits that it transacts business within this judicial district. To the extent that paragraph 5 asserts conclusions of law, no response is required.

6. Trevanna denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint.

7. Trevanna denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint.

8. Trevanna admits that the United States Patent and Trademark Office database contains a record of a U.S. trademark registration for UNIVERSOUL CIRCUS & Design (Reg. No. 2,724,091) for the specified goods and services identified in paragraph 8 of the Complaint, registered by Soul Circus, Ltd. Trevanna denies the remaining allegations contained in paragraph 8.

9. Trevanna admits that the United States Patent and Trademark Office contains records of the U.S. trademark applications cited in paragraph 9 of the Complaint, all registered by Soul Circus, Inc., except states that the only record of an application for UNIVERSOUL KIDZ CLUB references a different application number (Serial No. 77/324,115.)

10. Trevanna denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 10 of the Complaint. Trevanna denies the allegations contained in the second sentence of paragraph 10.

11. Trevanna denies knowledge or information sufficient to form a belief as to whether Cedric Walker is Soul Circus' founder. In response to the remaining allegations contained in paragraph 11 of the Complaint, Trevanna denies knowledge or information

sufficient to form a belief as to the truth thereof, except admits that Exhibit B, which was furnished by Soul Circus' counsel subsequent to the service of the Complaint, contains the quoted language, and submits that Exhibit B is incomplete and should be read and interpreted in its entirety.

12.     Trevanna denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint, except admits that Exhibit C, which was furnished by Soul Circus' counsel subsequent to the service of the Complaint, contains the quoted language, and submits that Exhibit C is incomplete and should be read and interpreted in its entirety.

13.     Trevanna denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 13 of the Complaint. Trevanna denies the remaining allegations contained in paragraph 13.

14.     Trevanna denies the allegations contained in paragraph 14 of the Complaint.

15.     Trevanna denies the allegations contained in paragraph 15 of the Complaint.

16.     Trevanna denies knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 16 of the Complaint, except admits that it received a cease-and-desist letter from counsel for Soul Circus on November 6, 2007 and that such letter speaks for itself and should be read and interpreted in its entirety. Trevanna further submits that such letter was responded to, through counsel, denying infringement on November 20, 2007.

17.     In response to the allegations contained in the first sentence of paragraph 17 of the Complaint, Trevanna admits that at some point prior to the cease-and-desist letter on November 6, 2007, individuals employed by Trevanna were aware of the existence of a circus entitled "Universoul Circus." Trevanna further denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 17,

except admits that Exhibit D, which was furnished by Soul Circus' counsel subsequent to the filing of the Complaint, discusses Casual Cal's prior relationship with Universoul Circus, and submits that Exhibit D should be read and interpreted in its entirety.

18. Trevanna denies the allegation contained in the first sentence of paragraph 18 of the Complaint. In response to the remaining allegations contained in paragraph 18, Trevanna denies knowledge or information sufficient to form a belief as to the truth of the allegation contained therein, except admits that Exhibits D and E, which were furnished by Soul Circus' counsel subsequent to the filing of the Complaint, contain the quoted language, and submits that Exhibits D and E should be read and interpreted in their entirety.

19. Trevanna denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint, except admits that Exhibit F, which was furnished by Soul Circus' counsel subsequent to the filing of the Complaint, contains the quoted language, and submits that Exhibit F should be read and interpreted in its entirety.

20. Trevanna denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint, except admits that Exhibit D, which was furnished by Soul Circus's counsel subsequent to the filing of the Complaint, contains the quoted language, and submits that Exhibit D should be read and interpreted in its entirety.

21. Trevanna admits the allegations contained in paragraph 21 of the Complaint.

22. Trevanna denies the allegations contained in paragraph 22 of the Complaint.

23. Trevanna denies knowledge or information sufficient to form a belief as to the truth and allegations contained in the first sentence of paragraph 23 of the Complaint. Trevanna denies the allegations contained in the second sentence of paragraph 23.

24. Trevanna denies the allegation contained in paragraph 24 of the Complaint.

25. In response to the allegations contained in paragraph 25 of the Complaint, Trevanna admits that at some point prior to the cease-and-desist letter on November 6, 2007, individuals employed by Trevanna were aware of the existence of a circus entitled "Universoul Circus." Trevanna denies the remaining allegations contained in paragraph 25 of the Complaint.

26. Trevanna denies the allegation contained in paragraph 26 of the Complaint.

27. Trevanna denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint.

28. Trevanna denies the allegation contained in paragraph 28 of the Complaint.

29. Trevanna denies the allegations contained in paragraph 29 of the Complaint, except states that upon information and belief, on or about December 3, 2007, the name of the show changed to The Apollo Big Show and/or The Apollo Big Show Circus and that it is no longer using the name The Apollo Circus of Soul.

## COUNT I
### Federal Trademark Infringement (15 U.S.C.§ 1114(1)(a))

30. In response to paragraph 30 of the Complaint, Trevanna repeats and realleges each and every response set forth in paragraphs 1 through 29 above as if fully set forth herein.

31. Trevanna denies the allegations contained in paragraph 31 of the Complaint, except admits that upon information and belief, from November 23, 2007 until on or about December 3, 2007, a show entitled the "Apollo Circus of Soul," was produced at the Apollo Theater. Trevanna further states that upon information and belief, on or about December 3, 2007, the name of the show changed to The Apollo Big Show and/or The Apollo Big Show Circus and that it is no longer using The Apollo Circus of Soul.

32. Trevanna denies the allegations contained in paragraph 32 of the Complaint.

33. Trevanna denies the allegations contained in paragraph 33 of the Complaint. To the extent that paragraph 33 of the Complaint asserts conclusions of law, no response is required.

5

34. Trevanna denies the allegation contained in paragraph 34 of the Complaint. To the extent that paragraph 34 of the Complaint asserts conclusions of law, no response is required.

35. Trevanna denies the allegations contained in paragraph 35 of the Complaint.

36. Trevanna denies the allegations contained in paragraph 36 of the Complaint.

## COUNT II
### False Designation of Origin, False Advertising And Unfair Competition (15 U.S.C. § 1125(a))

37. In response to paragraph 37 of the Complaint, Trevanna repeats and realleges each and every response set forth in paragraphs 1 through 36 above as if fully set forth herein.

38. Trevanna denies the allegations contained in paragraph 38 of the Complaint.

39. Trevanna denies the allegations contained in paragraph 39 of the Complaint, except admits that upon information and belief, from November 23, 2007 until on or about December 3, 2007, a show entitled the "Apollo Circus of Soul," was produced at the Apollo Theater. Trevanna further states that upon information and belief, on or about December 3, 2007, the name of the show changed to The Apollo Big Show and/or The Apollo Big Show Circus and that it is no longer using The Apollo Circus of Soul.

40. Trevanna denies the allegations contained in paragraph 40 of the Complaint.

41. Trevanna denies the allegation contained in paragraph 41 of the Complaint. To the extent that paragraph 41 asserts conclusions of law, no response is required.

42. Trevanna denies the allegations contained in paragraph 42 of the Complaint.

43. Trevanna denies the allegations contained in paragraph 43 of the Complaint.

## COUNT III
### Federal Trademark Dilution (15 U.S.C. § 1125(c))

44. In response to paragraph 44 of the Complaint, Trevanna repeats and realleges each and every response set forth in paragraphs 1 through 43 above as if fully set forth herein.

45. Trevanna denies the allegations contained in paragraph 45 of the Complaint. To

the extent that paragraph 45 asserts conclusions of law, no response is required.

46.	Trevanna denies the allegations contained in paragraph 46 of the Complaint, except admits that upon information and belief, from November 23, 2007 until on or about December 3, 2007, a show entitled the "Apollo Circus of Soul," was produced at the Apollo Theater.  Trevanna further states that upon information and belief, on or about December 3, 2007, the name of the show changed to The Apollo Big Show and/or The Apollo Big Show Circus and that it is no longer using The Apollo Circus of Soul.

47.	Trevanna denies the allegations contained in paragraph 47 of the Complaint.

48.	Trevanna denies the allegations contained in paragraph 48 of the Complaint.

49.	Trevanna denies the allegations contained in paragraph 49 of the Complaint. To the extent that Paragraph 49 asserts conclusions of law, no response is required.

50.	Trevanna denies the allegations contained in paragraph 50 of the Complaint.

51.	Trevanna denies the allegations contained in paragraph 51 of the Complaint.

## COUNT IV
## Common Law Trademark Infringement

52.	In response to paragraph 52 of the Complaint, Trevanna repeats and realleges each and every response set forth in paragraphs 1 through 51 above as if fully set forth herein.

53.	Trevanna denies the allegations contained in paragraph 53 of the Complaint.

54.	Trevanna denies the allegations contained in paragraph 54 of the Complaint.

55.	Trevanna denies the allegations contained in paragraph 55 of the Complaint, except admits that upon information and belief, from November 23, 2007 until on or about December 3, 2007, a show entitled the "Apollo Circus of Soul," was produced at the Apollo Theater.  Trevanna further states that upon information and belief, on or about December 3, 2007, the name of the show changed to The Apollo Big Show and/or The Apollo Big Show

Circus and that it is no longer using The Apollo Circus of Soul.

56. Trevanna denies the allegations contained in paragraph 56 of the Complaint.

## COUNT V
## New York General Business Law §360-1

57. In response to paragraph 57 of the Complaint, Trevanna repeats and realleges each and every response set forth in paragraphs 1 through 56 above as if fully set forth herein.

58. Trevanna denies the allegations contained in paragraph 58 of the Complaint. To the extent that paragraph 58 asserts conclusions of law, no response is required.

59. Trevanna denies the allegations contained in paragraph 59 of the Complaint. To the extent that paragraph 59 asserts conclusions of law, no response is required.

60. Trevanna denies the allegations contained in paragraph 60 of the Complaint.

61. Trevanna denies the allegations contained in paragraph 61 of the Complaint.

## COUNT VI
## New York General Business Law §349

62. In response to paragraph 63 of the Complaint, Trevanna repeats and realleges each and every response set forth in paragraphs 1 through 62 above as if fully set forth herein.

63. Trevanna denies the allegations contained in paragraph 63 of the Complaint. To the extent that paragraph 63 asserts conclusions of law, no response is required.

64. Trevanna denies the allegations contained in paragraph 64 of the Complaint.

## **DEFENSES**

As and for its defenses to the claims asserted in Soul Circus' Complaint, the Apollo Foundation alleges as follows.

### **First Defense**

65. The Complaint fails to state any claim upon which relief may be granted.

### **Second Defense**

66. The Complaint is barred, in whole or in part, under the doctrine of laches.

### Third Defense

67. The Complaint is barred, in whole or in part, by the doctrine of estoppel

### Fourth Defense

68. Soul Circus has not suffered any compensable and/or quantifiable damages.

### Fifth Defense

69. Soul Circus' U.S. Trademark Registration(Reg. No. 2,724,091) is limited to UNIVERSOUL CIRCUS & Design and specifically disclaims and exclusive right to use "circus" apart from the mark as shown on the resignation certificate, and accordingly such registration does not have the scope that Soul Circus asserts in the Complaint nor does it entitle Soul Circus to protection for the words "circus" or "soul", individually or in combination, in connection with an urban show or otherwise.

### Sixth Defense

70. Soul Circus cannot demonstrate that any of the alleged Common Law Marks have achieved sufficient distinction as an identifier for goods and/or services associated with Soul Circus to be eligible for protection as trademarks.

### Seventh Defense

71. Trevanna hereby reserves and reasserts all defenses and affirmative defenses available under any applicable federal and state law. Trevanna currently has insufficient knowledge or information upon which to form a belief as to whether it may have other, as yet unstated, affirmative defenses available. Therefore, Trevanna reserves its rights to assert additional defenses in the event that discovery indicates that it would be appropriate.

### JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Trevanna hereby demands trial by jury on all matters so

triable.

WHEREFORE, Trevanna respectfully requests that this Court

    (a)    dismiss Soul Circus' Complaint in its entirety, with prejudice;

    (b)    award Trevanna its costs and expenses of this action, including reasonable attorney's fees; and

    (c)    grant such other and further relief as the Court deems appropriate.

Dated: December 18, 2007

                                            Respectfully submitted,

                                            By: /s/ Lawrence W. Rader  (LR 6594)

                                            Lawrence W. Rader, Esq.

                                            225 Broadway Suite 400
                                            New York, New York 10007
                                            Telephone: (212) 791-5200
                                            Facsimile: (212) 791-5400

                                            *Attorney for Trevanna Entertainment LLC*