UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
SOUL CIRCUS, INC.,

                      Plaintiff,                    Case No. 07 CV 10597

            - against -

TREVANNA ENTERTAINMENT, LLC and    **AMENDED ANSWER**
THE APOLLO THEATER FOUNDATION, INC.,

                    Defendants.
---------------------------------------------------------------x

       Defendant The Apollo Theater Foundation, Inc. (the "Apollo Foundation"), by its attorneys Simpson Thacher & Bartlett LLP, respectfully replies to and answers the Amended Complaint (the "Amended Complaint") filed by the plaintiff Soul Circus, Inc. ("Soul Circus"), as follows:

## AMENDED ANSWER

       1.     The Apollo Foundation denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Amended Complaint.

       2.     The Apollo Foundation denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Amended Complaint, except admits that from November 23, 2007 until on or about December 3, 2007, Trevanna Entertainment, LLC, as licensee of the Apollo Foundation, produced a show entitled the "Apollo Circus of Soul."

       3.     In response to the first sentence of paragraph 3 of the Amended Complaint, the Apollo Foundation admits that it is a not-for-profit corporation organized and existing under the laws of the State of New York, with a principal place of business at 253 West 125th Street, New

York, New York 10027. In response to the second sentence of paragraph 3, the Apollo Foundation submits that its website speaks for itself and should be viewed in its entirety.

4. The Apollo Foundation denies knowledge or information sufficient to form a belief as to whether a factual basis exists for diversity jurisdiction, as alleged in paragraph 4 of the Amended Complaint. The remainder of paragraph 4 asserts conclusions of law as to which no response is required.

5. The Apollo Foundation denies the allegations contained in paragraph 5 of the Amended Complaint, except admits that it transacts business within this judicial district. To the extent that paragraph 5 asserts conclusions of law, no response is required.

6. The Apollo Foundation denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Amended Complaint.

7. The Apollo Foundation denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Amended Complaint.

8. The Apollo Foundation admits that the United States Patent and Trademark Office database contains a record of a U.S. trademark registration for UNIVERSOUL CIRCUS & Design (Reg. No. 2,724,091) for the specified goods and services identified in paragraph 8 of the Amended Complaint, registered by Soul Circus, Ltd. The Apollo Foundation denies the remaining allegations contained in paragraph 8.

9. The Apollo Foundation admits that the United States Patent and Trademark Office contains records of the U.S. trademark applications cited in paragraph 9 of the Amended Complaint, all registered by Soul Circus, Inc., except states that the only record of an application for UNIVERSOUL KIDZ CLUB references a different application number (Serial No. 77/324,115).

10. The Apollo Foundation denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 10 of the Amended Complaint. The Apollo Foundation denies the allegations contained in the second sentence of paragraph 10.

11. The Apollo Foundation denies knowledge or information sufficient to form a belief as to whether Cedric Walker is Soul Circus' founder. In response to the remaining allegations contained in paragraph 11 of the Amended Complaint, the Apollo Foundation denies knowledge or information sufficient to form a belief as to the truth thereof, except admits that Exhibit B contains the quoted language, and submits that Exhibit B is incomplete and should be read and interpreted in its entirety.

12. The Apollo Foundation denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Amended Complaint, except admits that Exhibit C contains the quoted language, and submits that Exhibit C is incomplete and should be read and interpreted in its entirety.

13. The Apollo Foundation denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 13 of the Amended Complaint. The Apollo Foundation denies the remaining allegations contained in paragraph 13.

14. The Apollo Foundation denies the allegations contained in paragraph 14 of the Amended Complaint.

15. In response to the allegations contained in paragraph 15 of the Amended Complaint, the Apollo Foundation admits that it has agreed to be the venue for a show that combines elements of a traditional circus with urban content and unique references to the Apollo

Foundation for dates between November 23, 2007 and December 23, 2007. The Apollo Foundation denies the remaining allegations contained in paragraph 15.

16. The Apollo Foundation denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Amended Complaint, except admits that it received a cease-and-desist letter from counsel for Soul Circus on November 6, 2007 and that such letter speaks for itself and should be read and interpreted in its entirety. The Apollo Foundation further submits that it responded, through counsel, denying infringement on November 20, 2007.

17. The Apollo Foundation denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 17 of the Amended Complaint. The Apollo Foundation further denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 17, except admits that Exhibit D discusses Casual Cal's prior relationship with Universoul Circus, and submits that Exhibit D should be read and interpreted in its entirety.

18. The Apollo Foundation denies the allegations contained in the first sentence of paragraph 18 of the Amended Complaint. In response to the remaining allegations contained in paragraph 18, the Apollo Foundation denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, except admits that Exhibits D and E contain the quoted language, and submits that Exhibits D and E should be read and interpreted in their entirety.

19. The Apollo Foundation denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Amended Complaint,

4

except admits that Exhibit F contains the quoted language, and submits that Exhibit F should be read and interpreted in its entirety.

20. The Apollo Foundation denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Amended Complaint, except admits that Exhibit D contains the quoted language, and submits that Exhibit D should be read and interpreted in its entirety.

21. In response to paragraph 21 of the Amended Complaint, the Apollo Foundation admits that the United States Patent and Trademark Office database contains a record of a U.S. trademark registration for APOLLO CIRCUS OF SOUL (Serial No. 77/278,040), applied for by Trevanna Entertainment, LLC on September 12, 2007.

22. The Apollo Foundation denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Amended Complaint.

23. The Apollo Foundation denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 23 of the Amended Complaint. The Apollo Foundation denies the allegations contained in the second sentence of paragraph 23.

24. The Apollo Foundation denies the allegations contained in paragraph 24 of the Amended Complaint.

25. In response to the allegations contained in paragraph 25 of the Amended Complaint, the Apollo Foundation admits that at some point prior to the cease-and-desist letter on November 6, 2007, individuals employed by the Apollo Foundation were aware of the existence of a circus entitled "Universoul Circus." The Apollo Foundation denies the remaining allegations contained in paragraph 25 of the Amended Complaint.

26. The Apollo Foundation denies the allegations contained in paragraph 26 of the Amended Complaint.

27. The Apollo Foundation denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Amended Complaint.

28. The Apollo Foundation denies the allegations contained in paragraph 28 of the Amended Complaint.

29. The Apollo Foundation denies the allegations contained in paragraph 29 of the Amended Complaint, except states that on or about December 3, 2007, the name of the show changed to The Apollo Big Show and/or The Apollo Big Show Circus and that it is no longer using the name The Apollo Circus of Soul.

## COUNT I
### Federal Trademark Infringement (15 U.S.C. § 1114(1)(a))

30. In response to paragraph 30 of the Amended Complaint, the Apollo Foundation repeats and realleges each and every response set forth in paragraphs 1 through 29 above as if fully set forth herein.

31. The Apollo Foundation denies the allegations contained in paragraph 31 of the Amended Complaint, except admits that from November 23, 2007 until on or about December 3, 2007, Trevanna Entertainment, LLC, as licensee of the Apollo Foundation, produced a show entitled the "Apollo Circus of Soul," and the Apollo Foundation agreed to be the venue for such show. The Apollo Foundation further states that on or about December 3, 2007, the name of the show changed to The Apollo Big Show and/or The Apollo Big Show Circus and that it is no longer using the name The Apollo Circus of Soul.

32. The Apollo Foundation denies the allegations contained in paragraph 32 of the Amended Complaint.

33. The Apollo Foundation denies the allegations contained in paragraph 33 of the Amended Complaint. To the extent that paragraph 33 of the Amended Complaint asserts conclusions of law, no response is required.

34. The Apollo Foundation denies the allegations contained in paragraph 34 of the Amended Complaint. To the extent that paragraph 34 of the Amended Complaint asserts conclusions of law, no response is required.

35. The Apollo Foundation denies the allegations contained in paragraph 35 of the Amended Complaint.

36. The Apollo Foundation denies the allegations contained in paragraph 36 of the Amended Complaint.

**COUNT II**
**False Designation of Origin, False Advertising**
**And Unfair Competition (15 U.S.C. § 1125(a))**

37. In response to paragraph 37 of the Amended Complaint, the Apollo Foundation repeats and realleges each and every response set forth in paragraphs 1 through 36 above as if fully set forth herein.

38. The Apollo Foundation denies the allegations contained in paragraph 38 of the Amended Complaint.

39. The Apollo Foundation denies the allegations contained in paragraph 39 of the Amended Complaint, except admits that from November 23, 2007 until on or about December 3, 2007, Trevanna Entertainment, LLC, as licensee of the Apollo Foundation, produced a show entitled the "Apollo Circus of Soul," and the Apollo Foundation agreed to be the venue for such show. The Apollo Foundation further states that on or about December 3, 2007, the name of the

show changed to The Apollo Big Show and/or The Apollo Big Show Circus and that it is no longer using the name The Apollo Circus of Soul.

40. The Apollo Foundation denies the allegations contained in paragraph 40 of the Amended Complaint.

41. The Apollo Foundation denies the allegations contained in paragraph 41 of the Amended Complaint. To the extent that paragraph 41 asserts conclusions of law, no response is required.

42. The Apollo Foundation denies the allegations contained in paragraph 42 of the Amended Complaint.

43. The Apollo Foundation denies the allegations contained in paragraph 43 of the Amended Complaint.

## COUNT III
### Federal Trademark Dilution (15 U.S.C. § 1125(c))

44. In response to paragraph 44 of the Amended Complaint, the Apollo Foundation repeats and realleges each and every response set forth in paragraphs 1 through 43 above as if fully set forth herein.

45. The Apollo Foundation denies the allegations contained in paragraph 45 of the Amended Complaint. To the extent that paragraph 45 asserts conclusions of law, no response is required.

46. The Apollo Foundation denies the allegations contained in paragraph 46 of the Amended Complaint, except admits that from November 23, 2007 until on or about December 3, 2007, Trevanna Entertainment, LLC, as licensee of the Apollo Foundation, produced a show entitled the "Apollo Circus of Soul," and the Apollo Foundation agreed to be the venue for such show. The Apollo Foundation further states that on or about December 3, 2007, the name of the

show changed to The Apollo Big Show and/or The Apollo Big Show Circus and that it is no longer using the name The Apollo Circus of Soul.

47. The Apollo Foundation denies the allegations contained in paragraph 47 of the Amended Complaint.

48. The Apollo Foundation denies the allegations contained in paragraph 48 of the Amended Complaint.

49. The Apollo Foundation denies the allegations contained in paragraph 49 of the Amended Complaint. To the extent that paragraph 49 asserts conclusions of law, no response is required.

50. The Apollo Foundation denies the allegations contained in paragraph 50 of the Amended Complaint.

51. The Apollo Foundation denies the allegations contained in paragraph 51 of the Amended Complaint.

## COUNT IV
### Common Law Trademark Infringement

52. In response to paragraph 52 of the Amended Complaint, the Apollo Foundation repeats and realleges each and every response set forth in paragraphs 1 through 51 above as if fully set forth herein.

53. The Apollo Foundation denies the allegations contained in paragraph 53 of the Amended Complaint.

54. The Apollo Foundation denies the allegations contained in paragraph 54 of the Amended Complaint.

55. The Apollo Foundation denies the allegations contained in paragraph 55 of the Amended Complaint, except admits that from November 23, 2007 until on or about December 3,

2007, Trevanna Entertainment, LLC, as licensee of the Apollo Foundation, produced a show entitled the "Apollo Circus of Soul," and the Apollo Foundation agreed to be the venue for such show. The Apollo Foundation further states that on or about December 3, 2007, the name of the show changed to The Apollo Big Show and/or The Apollo Big Show Circus and that it is no longer using the name The Apollo Circus of Soul.

56. The Apollo Foundation denies the allegations contained in paragraph 56 of the Amended Complaint.

## COUNT V
### New York General Business Law §360-1

57. In response to paragraph 57 of the Amended Complaint, the Apollo Foundation repeats and realleges each and every response set forth in paragraphs 1 through 56 above as if fully set forth herein.

58. The Apollo Foundation denies the allegations contained in paragraph 58 of the Amended Complaint. To the extent that paragraph 58 asserts conclusions of law, no response is required.

59. The Apollo Foundation denies the allegations contained in paragraph 59 of the Amended Complaint. To the extent that paragraph 59 asserts conclusions of law, no response is required.

60. The Apollo Foundation denies the allegations contained in paragraph 60 of the Amended Complaint.

61. The Apollo Foundation denies the allegations contained in paragraph 61 of the Amended Complaint.

## COUNT VI
## New York General Business Law §349

62. In response to paragraph 63 of the Amended Complaint, the Apollo Foundation repeats and realleges each and every response set forth in paragraphs 1 through 62 above as if fully set forth herein.

63. The Apollo Foundation denies the allegations contained in paragraph 63 of the Amended Complaint. To the extent that paragraph 63 asserts conclusions of law, no response is required.

64. The Apollo Theater denies the allegations contained in paragraph 64 of the Amended Complaint.

## DEFENSES

As and for its defenses to the claims asserted in Soul Circus' Amended Complaint, the Apollo Foundation alleges as follows.

### First Defense

65. The Amended Complaint fails to state any claim upon which relief may be granted.

### Second Defense

66. The Amended Complaint is barred, in whole or in part, under the doctrine of laches.

### Third Defense

67. The Amended Complaint is barred, in whole or in part, by the doctrine of estoppel.

### Fourth Defense

68. Soul Circus has not suffered any compensable and/or quantifiable damages.

11

**Fifth Defense**

69.     Soul Circus' U.S. trademark registration (Reg. No. 2,724,091) is limited to UNIVERSOUL CIRCUS & Design and specifically disclaims any exclusive right to use "circus" apart from the mark as shown on the registration certificate, and, accordingly such registration does not have the scope that Soul Circus asserts in the Amended Complaint nor does it entitle Soul Circus to protection for the words "circus" or "soul," individually or in combination, in connection with an urban show or otherwise.

**Sixth Defense**

70.     Soul Circus cannot demonstrate that any of the alleged Common Law Marks have achieved sufficient distinction as an identifier for goods and/or services associated with Soul Circus to be eligible for protection as trademarks.

**Seventh Defense**

71.     The Apollo Foundation hereby reserves and reasserts all defenses and affirmative defenses available under any applicable federal and state law. The Apollo Foundation currently has insufficient knowledge or information upon which to form a belief as to whether it may have other, as yet unstated, affirmative defenses available. Therefore, the Apollo Foundation reserves its rights to assert additional defenses in the event that discovery indicates that it would be appropriate.

**JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38(b), the Apollo Theater Foundation, Inc. hereby demands trial by jury on all matters so triable.

WHEREFORE, the Apollo Foundation respectfully requests that this Court

(a) dismiss Soul Circus' Amended Complaint in its entirety, with prejudice;

(b) award the Apollo Foundation its costs and expenses of this action, including reasonable attorney's fees; and

(c) grant such other and further relief as the Court deems appropriate.

Dated: January 8, 2008

Respectfully submitted,

SIMPSON THACHER & BARTLETT LLP

By: /s/ Kerry L. Konrad

Kerry L. Konrad
Jennifer R. Rackoff

425 Lexington Avenue
New York, NY 10017-3954
Telephone: (212) 455-2000
Facsimile: (212) 455-2502
Email: kkonrad@stblaw.com

*Counsel for The Apollo Theater Foundation, Inc.*