IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SOUL CIRCUS, INC., | ) |
|       Plaintiff, | ) <br> ) <br> )   No. 07-CV-10597 <br> ) |
|       v. | ) <br> ) |
| TREVANNA ENTERTAINMENT, LLC, and <br> THE APOLLO THEATER FOUNDATION, INC., | ) <br> ) <br> ) |
|       Defendants. | ) |

### MOTION TO VOLUNTARILY DISMISS PURSUANT TO RULE 41(a)(2)

Now Comes Plaintiff, Soul Circus, Inc. ("Plaintiff" or "Soul Circus"), by and through its attorneys, pursuant to the provisions of Rule 41(a)(2) of the Federal Rules of Civil Procedure to request that this Honorable Court enter a Voluntary Dismissal Order herein. In support thereof, Plaintiff states the following:

### FACTUAL BACKGROUND

### The Soul Circus History and Marks

Soul Circus provides entertainment in the form of circus acts under the name UniverSoul Circus. Soul Circus has operated an Internet website under the domain name of www.universoulcircus.com since at least 1998. Soul Circus was founded in 1994 and adopted and began use of the term "SOUL" in connection with circus acts as early as 1995. Since that time, Soul Circus has continually used the term "SOUL" in association with the promotion of its circus troupe. Soul Circus has duly and properly registered the UNIVERSOUL CIRCUS mark. Soul Circus also has extensively promoted its use of the term "SOUL" with respect to its circus. It has common law trademarks for at least the following marks: "A CIRCUS WITH SOUL"; "SOUL CIRCUS"; "SOUL UNDER THE BIG TOP"; "PLATINUM SOUL"; "INSPIRATION

1493892v1

COMES FROM THE SOUL"; "AMERICA'S SOUL INSPIRATION"; "NEW SOUL"; "SOUL IN THE CITY"; "POPPIN' SOUL"; "CIRQUE DU SOUL"; "UNEXPECTED SOUL"; "JOY COMES FROM THE SOUL"; "SOUL IS NOT A COLOR"; and "EVOLUTION OF SOUL". Soul Circus has expended considerable amounts of time, effort and expense to promote its circuses throughout the United States, all of which are associated with the UniverSoul and other "Soul Marks." In addition, Soul Circus' products and services associated with UniverSoul and other "Soul Marks" have established a reputation for excellence. Soul Circus has developed a valuable amount of goodwill with respect to its UniverSoul and other "Soul Marks."

### Defendants' Willful Infringement of the Marks

On or about October 15, 2007, Soul Circus became aware that Defendants Trevanna Entertainment, LLC and The Apollo Theater Foundation, Inc. actively and willfully were infringing on Plaintiff's trademarks and service marks through their use of the name "Circus of Soul." Soul Circus, through counsel, served Defendants with a cease and desist letter and asked that the Defendants stop their infringing conduct. Although Soul Circus so requested, Trevanna and Apollo refused to voluntarily cease their wrongful conduct. Defendants continued to engage in the advertising, marketing, selling and production of services that infringed Soul Circus' marks in the United States. Defendants' wrongful conduct created actual customer confusion. Defendants' continued use of the infringing names mislead additional consumers. Specifically, Defendants used the names "Circus of Soul" and/or "Apollo Circus of Soul" in association with products and services that directly overlap, or are closely related to, Soul Circus' products and services. Defendants use of the name was to host a circus that commenced on November 23, 2007. Defendants did not and cannot claim ignorance of Soul Circus' extensive use of the "Soul Marks", since Defendants' Ringmaster for Circus of Soul, "Casual Cal" Dupree, was the

1493892v1

Ringmaster for Soul Circus' UniverSoul Circus for 12 years. Defendants' simply traded upon Soul Circus' marks and reputation to get the Defendants' Circus off the ground. Indeed, the similarity of Defendants' use of "Circus of Soul" as a mark and Soul Circus' "Soul Marks" was so great that Defendants have caused customer confusion as to the origin of "Circus of Soul." Further use of the "Circus of Soul" and/or "Apollo Circus of Soul" caused further confusion, mistake or deception as to the source or origin of Defendants' services, products and promotions in that the public and others actually believed that Defendants' services, products and promotions were owned by, promoted by, sponsored by, approved by, licensed by, affiliated with, or in some other way connected with Soul Circus and its "Soul Marks."

## The Lawsuit and Procedural History

Defendants failed and refused to change their behavior in any manner and continued to promote and exploit the Soul Circus in the production of the Defendants' Circus. Soul Circus brought this action to enjoin Defendants' future infringement of the Soul Circus marks and to recover damages for the harm already caused. After the suit was brought Plaintiffs became aware the Defendants had changed their name, subsequently Defendants have taken several other actions to further comply with and honor Plaintiff's Marks. Defendants change of name and change of heart came after they had fully promoted and produced their Circus. The Defendants' Circus has completed its initial run. To date, Defendants have failed and refused to account for their profits from the Circus or to compensate Soul Circus in any manner.

Plaintiff has attempted to resolve this matter since the lawsuit was filed, to no avail. As an example of such, at the beginning of this month when initial discussions were had regarding Rule 26 disclosures, Plaintiff proposed to Defendants that we resolve this matter through a stipulation and voluntary dismissal. Defendant Apollo refused to agree or to enter a stipulation

pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure.  Defendant Trevanna had no objection.  Based upon Defendant Apollo's refusal to stipulate to a dismissal, Plaintiff made a monetary settlement demand to fully resolve the matter.  That demand was flatly rejected by both Defendants.  Following Defendants' rejection of the settlement demand, Defendants refused to make a counteroffer of any kind.  Even absent a counteroffer Plaintiff proposed a non-monetary resolution of the matter that involved Defendants' ceasing certain other activities in further compliance with the Plaintiffs requests as to its Marks.  That settlement proposal was drafted by Plaintiff and sent to Defendants.  Plaintiff received no response from Defendants until the day Plaintiff began drafting this motion.  The Defendants' response rejected all of the material terms of the Plaintiffs proposal.  Therefore, this Motion is filed to obtain a Voluntary Dismissal without prejudice from this Honorable Court.

## **LEGAL STANDARD**

Where a defendant has answered a complaint and will not agree to a stipulation of dismissal, the provisions of Rule 41(a)(2) apply.  Under Rule 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."  USCS FED. RULES CIV. PROC. R. 41(a)(2).  The decision whether to grant a motion for voluntary dismissal "rests with the sound discretion of the trial court."  *Hinfin Realty Corp., et al. v. Pittston Co.*, 206 F.R.D. 350, 355 (E.D.N.Y. 2002).  Generally, voluntary dismissals are allowed "'if the defendant will not be prejudiced thereby.'"  *Id.* (quoting Wakefield v. Northern Telecom, Inc., 769 F.2d 109, 114 (2d Cir. 1985)).  The prospect of "'starting a litigation all over again does not constitute legal prejudice.'"  *Hinfin Realty Corp., et al.*, 206 F.R.D. at 355.

The Second Circuit has delineated five factors that courts should consider in deciding the appropriateness of a Rule 41(a)(2) dismissal.  The factors are: (1) the plaintiff's diligence in

bringing the motion; (2) any unduly vexatious conduct in which plaintiff engaged; (3) the extent to which the action has progressed; (4) the expense of relitigating a dismissed action; and (5) the adequacy of plaintiff's explanation for seeking dismissal. *See Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990); *Catanzano v. Wing*, 277 F.3d 99, 100 (2d Cir. 2001). No factor is dispositive, and the presumption is that absent a showing that defendant will suffer substantial prejudice, the court should grant a Rule 41(a)(2) motion for voluntary dismissal. *Thomas, et al. v. N.Y. State Dept. of Correctional Services*, No. 00 Civ. 7163 (NRB), 2004 U.S. Dist. LEXIS 16573, at *5 (S.D.N.Y. Aug. 18, 2004).

## ARGUMENT

All five of the *Zagano* factors, as applied to this case, weigh in favor of granting Plaintiffs' motion. ***First***, Plaintiff was diligent in bringing this motion to voluntarily dismiss the action without prejudice. The Complaint was filed in November 2007, and Defendants answered a month later. No further activity occurred until February 2008, when initial discussions were had regarding Rule 26 disclosures. After Plaintiff's multiple attempts to reach a resolution with Defendants through a stipulation and voluntary dismissal (which Defendant Apollo refused), a monetary settlement demand (which both Defendants rejected without counteroffer), and a non-monetary settlement proposal (of which both Defendants rejected all the material terms), Plaintiff promptly filed the present motion. *See Levit & Gershman v. May Dept. Stores Int' Inc.*, No. 02 Civ. 6386 (JCF), 2003 U.S. Dist. LEXIS 5216, at *3-4 (S.D.N.Y. Apr. 2, 2003) (finding that plaintiffs were prompt in seeking dismissal where action was filed in August 2002 and instant motion to dismiss was filed in February 2003). Courts have found for plaintiffs on this factor in far less diligent circumstances. *See Hinfin Realty Corp., et al.*, 206 F.R.D. at 355-56 (finding first factor weighed in plaintiffs' favor where complaint was filed in July 2000, litigated

5

throughout 2001 with plaintiffs responding to defendants' motion to stay proceeding and discovery demands, and plaintiffs ultimately determining that they no longer wished to proceed in early January 2002); *Thomas, et al.*, 2004 U.S. Dist. LEXIS 16573, at *7-8 (finding no substantial prejudice under Rule 41(a)(2) despite the fact that action was nearly four years old and there had been motion practice and substantial fact discovery). Accordingly, Plaintiff is diligent in moving to dismiss the action without prejudice, and thus, the first *Zagano* factor weighs in its favor.

*Second*, there is no evidence that Plaintiff engaged in unduly vexatious conduct. Soul Circus has consistently tried to work with Defendants to reach an agreement on the issues and resolve this case in the most cost-efficient and expedient manner possible, but Defendants have remained obstinate, refusing to account for their profits from the Circus or compensate Soul Circus in any manner, declining to consent to this motion to dismiss, and rejecting a settlement offer without making any counteroffer. Further, there is no evidence to suggest that the case was brought to harass the Defendants. To the contrary, and just like in *Hinfin Realty Corp., et al.*, Plaintiff has made few requests of the Defendants after filing this lawsuit. 206 F.R.D. at 356. Plaintiff brought its action in good faith seeking to enjoin Defendants' future infringement of the Soul Circus marks and reputation—it did not attempt to harass Defendants by pursuing its legal claims. *See In re Solv-Ex Secs. Litig.*, 62 Fed. Appx. 396 (2d Cir. 2003) (affirming grant of plaintiffs' motion for voluntary dismissal). Accordingly, this factor also weighs in favor of granting Plaintiff's motion.

*Third*, this suit has not progressed to such an extent that Defendants would be prejudiced by its dismissal. Indeed, it has barely gotten off the mark. Other than their Answer, the only other development after the Complaint was a status hearing necessitated by Defendants

6

unwillingness to agree to a scheduling order. Rule 26(a)(1) disclosures have not been made. No other discovery has occurred. No documents have been exchanged, interrogatories answered, requests to admit served, or depositions conducted. There has not been a pre-trial conference and a trial date has not been set. *See Levit & Gershman*, 2003 U.S. Dist. LEXIS 5216, at *4 (finding third factor favors plaintiff because although an initial pretrial conference was held and Rule 26(a)(1) disclosures were made, "there has been only limited written discovery and no depositions have occurred"); *Hinfin Realty Corp., et al.*, 206 F.R.D. at 356 (finding third factor neutral despite the fact that case was approximately 21-months old because plaintiffs had not made any discovery requests or conducted any depositions, and no trial date had been set). This case is in its very early stages, and little action has been taken so far. *See Saatchi Gallery v. Gorney, et al.*, No. 98 Civ. 4542 (SAS), 1999 U.S. Dist. LEXIS 607, at *4 (S.D.N.Y. Jan. 25, 1999) (granting motion to dismiss where dismissal was sought at an early stage of the action, where no depositions had been taken and neither party had filed any motions other than the instant motion to dismiss). Defendants have incurred little cost to date, and this case stands in sharp contrast to those in which the court denied dismissal without prejudice because the litigation was on the verge of trial. *See, e.g.*, *Zagano*, 900 F.2d at 14 (trial less than ten days away); *Philan Ins. Ltd. & Benodet Ins. Ltd. v. Frank B. Hall & Co., Inc., et al.*, 786 F. Supp. 345, 349 (S.D.N.Y. 1992) (finding that defendants would be prejudiced by delay in trial where trial conference was scheduled less than a month away); *Bosteve Ltd. v. Marauszwki*, 110 F.R.D. 257 (E.D.N.Y. 1986) (denying plaintiff's motion which was brought on the eve of trial). Indeed, Defendants actions have elevated Plaintiff's costs. Accordingly, the third *Zagano* factor weighs in favor of granting Plaintiff's motion.

*Fourth*, the prospect of duplicative expenses is minimal if Defendants were forced to relitigate this case. Defendants have not spent significant sums propounding and compelling discovery in this case—indeed, no discovery has been conducted. Should plaintiffs have to file another lawsuit against Defendants they would be required to answer the Complaint (the only other document prepared was a one page proposed scheduling order) and that work has already been done by Defendants would be easy to duplicate. *See Hinfin Realty Corp., et al.*, 206 F.R.D. at 356 (finding that fourth factor weighs in plaintiffs' favor based on same). Moreover, "restarting litigation does not constitute legal prejudice." *Saatchi Gallery*, 1999 U.S. Dist. LEXIS 607, at *4; *Jones v. SEC*, 298 U.S. 1, 19 (1936) ("a plaintiff possesses the unqualified right to dismiss his complaint . . . unless some plain legal prejudice will result to the defendant other than the mere prospect of a second litigation upon the subject matter"). Accordingly, the fourth *Zagano* factor does not weigh against dismissal without prejudice.

*Finally*, Plaintiff has a sufficient explanation for this motion. Plaintiff filed its Complaint to enjoin Defendants' future infringement of the Soul Circus marks and to recover damages for the harm already caused. When Defendants ended up changing their name and taking several other actions to further comply with and honor Plaintiff's marks, the main thrust of Plaintiff's Complaint was achieved. Plaintiff has evaluated its situation, and made a cost benefit analysis that suggests the appropriate course at present would be to seek a voluntary dismissal of the case at this time. In sum, by seeking to dismiss this action at such an early stage, Plaintiff is foregoing its relief but also sparing Defendants from expending additional, monies in the defense of this lawsuit. *See Hinfin Realty Corp., et al.*, 206 F.R.D. at 357 (holding that economic concerns always dictate the course of litigation). Accordingly, Plaintiff's explanation for its request also weighs heavily in favor of dismissing this action without prejudice.

## **CONCLUSION**

For all of the reasons stated above, Plaintiff's motion to voluntarily dismiss the action without prejudice should be granted.

                                        Respectfully submitted,

                                        BROWN & HUTCHINSON
                                        Attorneys for Plaintiff Soul Circus, Inc.

                                        By:  s/T. Andrew Brown
                                        T. Andrew Brown, Esq.
                                        925 Crossroads Building
                                        Two State Street
                                        Rochester, New York 14614
                                        (585) 454-5050
                                        Facsimile: (585) 454-5066
                                        abrown@brownhutchinson.com

R. Delacy Peters, Jr.
FREEBORN & PETERS LLP
311 S. Wacker Drive
Suite 3000
Chicago, Illinois  60606
Phone:  (312) 360-6000

Dated: February 27, 2008

#1493716

9