UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SOUL CIRCUS, INC.,                              :
                                                :
                    Plaintiff,                  :     Case No. 07 CV 10597 (LAK)
                                                :
        - against -                             :
                                                :
TREVANNA ENTERTAINMENT, LLC and                 :
THE APOLLO THEATER FOUNDATION, INC.,            :
                                                :
                    Defendants.                 :
------------------------------------------------------------x

### DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS WITHOUT PREJUDICE PURSUANT TO RULE 41(a)(2), AND IN SUPPORT OF ITS REQUEST TO DISMISS WITH PREJUDICE

Defendant, The Apollo Theater Foundation, Inc. (the "Apollo Foundation"), by its attorneys Simpson Thacher & Bartlett LLP, respectfully submits this memorandum of law in opposition to the motion to voluntarily dismiss the above-captioned action without prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure ("Plaintiff's Motion"), filed by Soul Circus, Inc. ("Soul Circus"). The Apollo Foundation further respectfully requests that the Court dismiss this action with prejudice.

### Factual and Procedural Background

The Apollo Foundation operates the world-famous Apollo Theater, a National Historic Landmark located in Harlem and an important cultural institution in New York City. By hosting live performances and educational programs, the Apollo Theater honors the influence and advances the contributions of African-American artists.

Pursuant to a license agreement with the Apollo Foundation, Defendant Trevanna Entertainment, LLC ("Trevanna" and, together with the Apollo Foundation, the "Defendants") agreed to produce a show at the Apollo Theater combining elements of a

traditional circus with urban content and unique references to the Apollo Theater, under the name the "Apollo Circus of Soul." *See* Amended Answer, ¶ 2. The show's initial run was scheduled from November 23, 2007 to December 23, 2007. *See id.* ¶ 15. On November 6, 2007, the Apollo Foundation received a cease-and-desist letter from Soul Circus, alleging that the "Apollo Circus of Soul" name infringed Soul Circus' UNIVERSOUL CIRCUS and Design registered trademark and other common law marks, and demanding that the Apollo Foundation and Trevanna cease use of the "Apollo Circus of Soul" name. *See id.* ¶ 16. The Apollo Foundation responded by letter dated November 20, 2007, denying infringement. *See id.*

Soul Circus then filed a complaint in this Court on November 27, 2007, alleging claims of trademark infringement, trademark dilution and unfair competition. Prior to answering, the Apollo Foundation contacted Soul Circus to inform it that, as of December 4, 2007, the Apollo Foundation had changed the name of its show from the "Apollo Circus of Soul" to "The Apollo Big Show Circus" (for transitional purposes) and, eventually to "The Apollo Big Show." *See* Declaration of Jennifer R. Rackoff dated March 17, 2008 ("Rackoff Decl."), ¶ 2. Soul Circus refused to withdraw its complaint. On December 17, 2007, the Apollo Foundation answered the complaint, denying infringement and setting forth numerous affirmative defenses. In its answer, the Apollo Foundation asserted that Soul Circus has not suffered any quantifiable damages, and that it cannot claim exclusive rights to use the words "circus" or "soul," individually or in combination, in connection with an urban show or otherwise. *See* Answer, ¶¶ 68-70. Despite knowledge of the name change, Soul Circus nevertheless served an amended complaint on December 18, 2007, which the Apollo Foundation answered on January 8, 2008.[1]

---

[1] The only difference between Soul Circus' original and amended complaints was the inclusion of exhibits that were omitted from the original filing.

Since its initial filings, Soul Circus has failed to prosecute its claims. To the contrary, it has actively sought to prevent the commencement of fact discovery. After receiving notification in early February of the Court's scheduling of a Rule 16 conference, counsel for the Apollo Foundation sought to meet and confer pursuant to Rule 26(f) of the Federal Rules of Civil Procedure. *See* Rackoff Decl., ¶3. Counsel for Soul Circus failed to respond. *See id.* Instead, Soul Circus made an unacceptable monetary settlement demand. *See id.*, ¶ 4. Counsel for the Apollo Foundation then proposed a consent scheduling order that would have, *inter alia*, set a fact discovery deadline of May 16, 2008 and an expert discovery deadline of June 30, 2008. *See id.*, ¶ 5. But, counsel for Soul Circus refused to agree, seeking a significantly longer discovery period that it claimed to be necessary in order to take more than ten depositions and to pursue the "highly complex" issues it purported to see in this case – despite the fact that counsel had failed to meet and confer and had no factual basis for assessing the scope of discovery. *See id.*, ¶ 8.

On February 22, 2008, the parties appeared before the Court at the Rule 16 conference. At that conference, this Court imposed a scheduling order even more expeditious than the one the Apollo Foundation had originally proposed and Soul Circus had rejected, setting, *inter alia*, a discovery cut-off date of May 22, 2008. *See id.*, ¶ 9. Since then, counsel for Soul Circus has refused to respond to requests by counsel for the Apollo Foundation and Trevanna to set an agreed-upon date for the exchange of initial disclosures, thereby preventing the commencement of fact discovery. *See id.*, ¶ 11.

Meanwhile, the Apollo Foundation has reiterated to Soul Circus that it has already changed the name of its allegedly infringing show and has informed Soul Circus, without admitting liability, of its willingness to stipulate not to use the "Apollo Circus of Soul" name in the future and to change its website to reflect the new name of the show, in exchange for a dismissal with prejudice. *See id.*, ¶¶ 6, 10. Though it appeared that Soul

3

Circus was amenable to an understanding on that basis, the proposed settlement agreement that counsel for Soul Circus eventually presented went well beyond those terms and sought, among other things, a covenant by the Apollo Foundation not to use the word "soul" in connection with a circus or any other form of entertainment. *See id.*, ¶ 7. Within days of being ordered by the Court to proceed with this case in an expeditious manner, and one day after receiving the Apollo Foundation's revised draft of the proposed settlement agreement reverting to what it believed to be the parties' original understanding and rejecting Soul Circus' overreaching demands (*see id.*, ¶ 10), Soul Circus filed the instant motion seeking voluntary dismissal without prejudice pursuant to Rule 41(a)(2).

## Argument

Voluntary dismissal without prejudice is not a matter of right and whether to grant a plaintiff's motion is squarely within the discretion of the trial court. *See Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990); *Deere & Co. v. MTD Holdings Inc.*, No. 00 Civ. 5936, 2004 WL 1432554, at *2 (S.D.N.Y. June 23, 2004). Dismissal without prejudice is improper where the defendant would suffer "some plain legal prejudice other than the mere prospect of a second lawsuit." *Comunidad Autonoma Del Pais Vasco v. American Bureau of Shipping, Inc.*, No. 04 Civ. 671, 2006 WL 2254958, at *2 (S.D.N.Y. Aug. 4, 2006) (internal citations omitted). The Second Circuit has made clear that in determining "legal prejudice" in the context of a Rule 41(a)(2) motion, consideration of the following factors is relevant: (1) the plaintiff's diligence in bringing the motion; (2) any "undue vexatiousness" on plaintiff's part; (3) the extent to which the suit has progressed; (4) the duplicative expense of relitigation; and (5) the adequacy of plaintiff's explanation for the need to dismiss. *See Zagano*, 900 F.2d at 14. The Apollo Foundation respectfully submits that, after weighing these factors here, the Court must conclude that Plaintiff's Motion should be denied and that this action should be dismissed with prejudice.

I. **THE APOLLO FOUNDATION WOULD SUFFER LEGAL PREJUDICE IF THIS COURT GRANTED PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS THE COMPLAINT UNDER RULE 41(a)(2)**

Soul Circus has failed to present good grounds for voluntary dismissal without prejudice and Plaintiff's Motion should be dismissed for several reasons.

*First*, Soul Circus was hardly diligent in bringing its motion. Plaintiff's Motion grossly distorts the procedural history of this case. *See* Plaintiff's Motion at 5. Contrary to Soul Circus' assertions, it never attempted to resolve this litigation through a stipulation and voluntary dismissal. *See* Rackoff Decl., ¶ 4. Nor did the Apollo Foundation and Trevanna reject all of the material terms of Soul Circus' settlement proposal, as Soul Circus suggests. *See id.*, ¶ 10. To the contrary, Defendants specifically agreed not to use the "Apollo Circus of Soul" name in connection with any circus or other entertainment show (*see id.*), which is precisely "the main thrust of [its] Complaint," as Soul Circus itself admits. Plaintiff's Motion at 8. That Soul Circus brought its motion under Rule 41(a)(2) only several months after instituting the action is not the relevant inquiry. Soul Circus has known since early December that Defendants were no longer using the name at issue. *See id.*, ¶ 2. Instead, Soul Circus sought dismissal only after the Court, at the Rule 16 conference, ordered it to prosecute its claims in a diligent manner, and after it became clear to Soul Circus that Defendants were unwilling to agree to an unjustified monetary settlement or to non-monetary demands that exceeded the scope of the issues presented in this case. *See Pacific Elec. Wire & Cable Co. v. Set Top Int'l Inc.*, No. 03 Civ. 9623, 2005 WL 578916, at *6 (S.D.N.Y. March 11, 2005) (rejecting plaintiffs' contention that they brought dismissal motion as soon as possible after achieving fundamental goal of litigation).

*Second*, while this case is still in its early stages, its failure to progress is due entirely to Soul Circus' own refusal to move it forward. Soul Circus' attempt to blame Defendants for the lack of discovery to date and for supposedly escalating Soul Circus' costs

by forcing it to attend the Rule 16 conference (*see* Plaintiff's Motion at 7) should be rejected. Rather, the Apollo Foundation has been attempting to meet and confer with Soul Circus pursuant to Rule 26(f) and to agree on the exchange of initial disclosures for more than three weeks. *See* Rackoff Decl., ¶¶ 3, 11. Similarly, in an effort to eliminate the need for all parties to appear for the Rule 16 conference, the Apollo Foundation proposed a scheduling order that allowed a reasonable time for discovery in light of the straightforward issues in this case. *See id.*, ¶ 5. Soul Circus refused to meet and confer and would not agree to the proposed schedule, thereby necessitating the Rule 16 conference before this Court. *See id.*, ¶¶ 3, 8. Indeed, Soul Circus still has not agreed to any date for the exchange of initial disclosures pursuant to Rule 26(a) (*see id.*, ¶ 11), apparently in the mistaken belief that it is entitled to engage in "self-help" and refuse to comply with its discovery obligations as if the instant motion has already been granted. Soul Circus should not, we respectfully submit, be allowed to engage in conduct deliberately calculated to delay moving this case forward, and then argue that its motion for voluntary dismissal is proper given the lack of progress its own dilatoriness has caused.

*Third,* while the prospect of "starting a litigation all over again" may not in itself constitute legal prejudice, *see D'Alto v. Dahon California, Inc.,* 100 F.3d 281, 283 (2d Cir. 1996), the threat of operating a business under the constant threat of litigation would, in fact, be highly prejudicial for the Apollo Foundation. *See Deere,* 2004 WL 1432554, at *2; *see also Pacific Elec. Wire & Cable Co.,* 2005 WL 578916, at *6 (finding no reason to keep threat of litigation hanging over defendants' heads). The Apollo Foundation is ready to resolve the instant litigation now. Although the initial run of its entertainment variety show is over, the Apollo Foundation is considering the licensing of additional runs in New York and nationwide. By seeking dismissal without prejudice, Soul Circus plainly hopes to leave the possible revival of this litigation anywhere in the United States as a threat hanging over the

Defendants' heads as they make their business plans and consider whether to invest substantial additional time and effort in further productions of the show. *See Deere*, 2004 WL 1432554, at *3 (denying motion to dismiss without prejudice, and dismissing remaining claims with prejudice unless plaintiff notifies court of desire to pursue such claims at trial).

*Fourth*, Soul Circus' explanation for its motion is disingenuous at best. It argues that, when Defendants changed the name of their entertainment show, "the main thrust of Plaintiff's Complaint was achieved." Plaintiff's Motion at 8. But if that is so, then Soul Circus could have sought dismissal as long ago as December 2007, when it first learned that the new name of the show had been changed. *See* Rackoff Decl., ¶ 2. Instead, and despite this knowledge, Soul Circus proceeded with this action and served an amended complaint repeating the same allegations of its original complaint. *See Jewelers Vigilance Committee, Inc. v. Vitale Inc.*, No. 90 Civ. 1476, 1997 WL 582823, at *3 (S.D.N.Y. Sept. 19, 1997) (although finding plaintiff's reason for seeking dismissal rational, court was not persuaded that it was adequate because plaintiff could have dismissed previously and didn't); *see also Pacific Elec. Wire & Cable Co.*, 2005 WL 578916, at *6 (stating it is "not impressed" with plaintiffs' explanation for dismissal because plaintiff could have brought motion sooner); *Jiggets v. New York City Human Resources Admin.*, No. 94 Civ. 9175, 1997 WL 260065, at *3 (S.D.N.Y. May 19, 1997) (denying plaintiffs' motion, after finding that plaintiffs conducted no discovery and that facts making it clear that complaint could no longer withstand scrutiny were in plaintiff's possession even before original complaint was filed).

This Court's decision in *Deere* is highly instructive as to this factor. The plaintiff in *Deere* argued that it should be allowed to dismiss the remaining infringement claims of its complaint without prejudice because they related to certain of defendant's mowers that were no longer being manufactured, therefore obviating the need for injunctive relief and reducing the financial benefit of pursuing those claims at trial. The court, however,

7

found the fact that the defendant was not currently manufacturing either of the products at issue did not necessarily imply that the defendant had no intention of reintroducing those products or of manufacturing new ones with the disputed colors and designs in the future, and denied plaintiff's motion. *See Deere*, 2004 WL 1432554, at *3. Like the defendant in *Deere*, the Apollo Foundation should not be required to conduct business under the continuous threat of litigation based upon a claim of infringement that Soul Circus chose to assert in this Court but now finds more commercially advantageous to leave unresolved.

*Finally*, Soul Circus' motive in filing its motion for voluntary dismissal should not be overlooked. Soul Circus has known for almost three months that Defendants have changed the name of their entertainment show. *See* Rackoff Decl., ¶ 2. The only new development is that Soul Circus has now been ordered by the Court to prosecute this action in an expeditious manner. It is not a coincidence that Soul Circus filed its motion only days later. Courts in this circuit repeatedly have refused to allow plaintiffs to use Rule 41(a)(2) motions as a means for avoiding compliance with directives of the court. *See Barksdale v. Onondaga Cty. Sheriff's Dep't*, No. 97 Civ. 966, 2000 WL 804643, at *4 (N.D.N.Y. June 12, 2000) (denying Rule 41(a)(2) motion and holding that plaintiffs cannot simply "ignore discovery orders with impunity simply by resorting to a Rule 41(a)(2) dismissal to obtain a 'fresh start'"); *Greguski v. Long Island R.R. Co.*, 163 F.R.D. 221, 224 (S.D.N.Y. 1995) (denying plaintiff's motion for voluntary dismissal, which was brought only after court denied plaintiff's request for adjournment of trial, and finding that plaintiffs cannot simply thwart discovery deadlines imposed pursuant to Rule 16 simply by pursuing a Rule 41(a)(2) dismissal). We respectfully submit that the Court's ruling should be no different here and that Plaintiff's Motion should be denied.

## II. THIS COURT SHOULD CONVERT PLAINTIFF'S MOTION INTO A VOLUNTARILY DISMISSAL WITH PREJUDICE

The Apollo Foundation respectfully requests that, in addition to denying Plaintiff's Motion, this Court should dismiss Soul Circus' amended complaint with prejudice. Rule 41(a)(2) authorizes a court to convert a motion for dismissal without prejudice to one with prejudice, after notification to the plaintiff. *See Gravatt v. Columbia Univ.*, 845 F.2d 54, 56 (2d Cir. 1988). By this memorandum, Soul Circus is on notice that this Court could convert its motion to a voluntary dismissal with prejudice. *See, e.g., Jewelers Vigilance Committee, Inc.*, 1997 WL 582823, at *3-4 (finding plaintiff on notice of possibility of dismissal with prejudice and, in any event, finding plaintiff unable to continue with present action in light of cessation of defendants' activities, and dismissing remaining claims with prejudice). If, as Soul Circus contends, "the main thrust of [its] Complaint was achieved," (Plaintiff's Motion at 8), there is no valid reason for it to seek to preserve the threat of renewed litigation against the Apollo Foundation. *See Jiggets*, 1997 WL 260065, at *3 (finding plaintiff's explanation as to need for dismissal without prejudice to be wholly inadequate, and dismissing with prejudice). Thus, assuming that the Plaintiff chooses not to withdraw its motion, the Apollo Foundation respectfully submits that dismissal with prejudice is appropriate here.

Respectfully submitted,

SIMPSON THACHER & BARTLETT LLP

By: /s/ Kerry L. Konrad
    Kerry L. Konrad
    Jennifer R. Rackoff

425 Lexington Avenue
New York, NY 10017-3954
Telephone: (212) 455-2000
Facsimile: (212) 455-2502
Email: kkonrad@stblaw.com

*Counsel for The Apollo Theater Foundation, Inc.*