UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
SOUL CIRCUS, INC.,                                         :
                                                           :
                     Plaintiff,                           :  Case No. 07 CV 10597 (LAK)
                                                           :
                  - against -                          :
                                                           :
TREVANNA ENTERTAINMENT, LLC and                            :
THE APOLLO THEATER FOUNDATION, INC.,                       :
                                                           :
                     Defendants.                          :
-----------------------------------------------------------x

### DECLARATION OF JENNIFER R. RACKOFF

I, Jennifer R. Rackoff, under penalty of perjury declare:

1.      I am associated with the law firm of Simpson Thacher & Bartlett LLP, counsel of record for defendant The Apollo Theater Foundation, Inc. (the "Apollo Foundation"). I make this declaration to present certain material pertinent to the Court's consideration of the accompanying opposition to Plaintiff's Motion to Voluntarily Dismiss Without Prejudice Pursuant to Rule 41(a)(2), and in support of the Apollo Foundation's request that the Court dismiss this action with prejudice.

2.      On December 13, 2007, I had a telephone conversation with T. Andrew Brown, local counsel for Plaintiff Soul Circus, Inc. ("Soul Circus"). During that conversation, I informed Mr. Brown that, as of December 4, 2007, the Apollo Foundation had changed the name of its show from the "Apollo Circus of Soul" to "The Apollo Big Show Circus" (for transitional purposes) and intended to change the name eventually to "The Apollo Big Show." I asked Mr. Brown if, under the circumstances, Soul Circus still considered it necessary to proceed with this

action. I did not hear anything further from Mr. Brown as to whether this information changed his client's position.

3. After receiving notification in early February of the Court's scheduling of a Rule 16 conference, on February 7, 2008, I sent an email to Mr. Brown seeking to meet and confer pursuant to Rule 26(f) of the Federal Rules of Civil Procedure. I did not receive a response to my email.

4. Instead, on February 11, 2008, I received a telephone call from R. Delacy Peters, Jr., counsel of record for Soul Circus, during which he made a monetary settlement demand. This was the first time Soul Circus had made any offer to resolve the pending litigation. On February 12, 2008, I spoke with Mr. Peters again and told him that the Apollo Foundation would not agree to Soul Circus' proposed settlement demand. I also informed him that the Apollo Foundation would agree to a scheduling order that set a trial date in less than six months or, alternatively, would allow the Court to set a discovery schedule at the Rule 16 conference on February 22, 2008.

5. On February 14, 2008, I sent Mr. Brown and Mr. Peters a proposed scheduling order that would have, *inter alia*, set a fact discovery deadline of May 16, 2008 and an expert discovery deadline of June 30, 2008.

6. That same day, February 14, 2008, I received a telephone call from Mr. Peters informing me that Soul Circus had agreed to dismiss the complaint so long as the Apollo Foundation and Trevanna Entertainment, LLC ("Trevanna") agreed in the future not to use the "Apollo Circus of Soul" name, to remove references to the name on its website and to abandon the trademark application for the APOLLO CIRCUS OF SOUL trademark. In that conversation,

I told Mr. Peters that the Apollo Foundation would not, under any circumstances, agree to any restriction on its right to use the term "soul" in connection with a circus or otherwise.

7. On February 18, 2008, I received Soul Circus' draft of the proposed settlement agreement. Despite my conversation with Mr. Peters only days earlier, the proposed agreement sought, among other things, a covenant by the Apollo Foundation not to use the word "soul" in connection with a circus or any other form of entertainment. While reserving the right to provide a full markup, I informed Mr. Peters immediately by email that, as I had indicated in earlier conversations, the Apollo Foundation was not going to agree to any restrictions on its ability to use the word "soul" other than in connection with APOLLO CIRCUS OF SOUL, nor would it agree to dismissal without prejudice.

8. Meanwhile, on February 20, 2008, Mr. Brown sent me a revised scheduling order, which sought a significantly longer discovery period. In email correspondence on February 21, 2008, Mr. Brown claimed that this longer period was necessary in order to take more than ten depositions and to pursue the "highly complex" issues it purported to see in this case. Mr. Brown still had not responded to my February 7th request to meet and confer concerning discovery.

9. All parties appeared before the Court on February 22, 2008 for the Rule 16 conference. At that conference, the Court issued a scheduling order that set a fact and expert discovery cut-off date of May 22, 2008.

10. On February 25, 2008, I sent counsel for Soul Circus a markup of the proposed settlement agreement that eliminated terms that went beyond the scope of the issues raised in this litigation and that reverted to language making clear that, without admitting liability, the Apollo Foundation was willing to stipulate not to use the "Apollo Circus of Soul"

name in the future, to change its website to reflect the new name and to abandon the trademark application for the APOLLO CIRCUS OF SOUL trademark, in exchange for a dismissal with prejudice.

11. Since the parties' appearance before the Court on February 22, 2008, I have repeatedly sought to agree with Soul Circus' counsel on a date to exchange initial disclosures. Counsel for Soul Circus has refused to respond, thereby preventing the commencement of fact discovery.

Executed this 17th day of March, 2008
at New York, New York

/Jennifer R. Rackoff/
Jennifer R. Rackoff