**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| SOUL CIRCUS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No.    07-CV-10597 |
| v. | ) | Hon. Judge Kaplan |
| | ) | |
| TREVANNA ENTERTAINMENT, LLC, and | ) | |
| THE APOLLO THEATER FOUNDATION, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**REPLY IN SUPPORT OF PLAINTIFF'S**
**MOTION TO VOLUNTARILY DISMISS PURSUANT TO RULE 41(a)(2)**

It is well settled in this Court and in the U.S. Court of Appeals for the Second Circuit that voluntary dismissal is presumptively proper as applied to the facts of this case. Only a showing of substantial legal prejudice would provide a basis for the Court to deny the motion. *See The Gap, Inc. v. Stone Int'l Trading, Inc.*, 169 F.R.D. 584, 588 (S.D.N.Y. 1997); *Catanzano v. Wing*, 277 F.3d 99, 109 (2d. Cir. 2001). Defendant Apollo Theater Foundation, Inc. (hereinafter "Apollo") simply cannot show any substantial legal prejudice. None of the common forms of legal prejudice contemplated by Rule 41(a)(2) are present here. Plaintiff, Soul Circus, Inc. (hereinafter "Plaintiff" or "Soul Circus") filed its motion only four months after filing its complaint. This case is in the earliest stages of litigation. It is not a case in which substantial discovery has been conducted. It is not a case in which millions of dollars have already been spent on litigation. And it is not a case where the parties have spent a great deal of time preparing for trial. In its response brief, Apollo relies on a series of half-truths and speculations about Plaintiff's knowledge and motivations, as well as a collection of cases that are easily distinguishable and misleadingly used. The Court should not allow such maneuvers to distract its attention from an accurate and balanced assessment of the facts in light of the controlling

legal standards.  As shown below, Plaintiff's motion to voluntarily dismiss its Complaint should be granted.

## ARGUMENT

The general rule is well-settled.  A plaintiff possesses the ***unqualified*** right to dismiss his complaint unless some plain legal prejudice will result to the defendant.  *Jones v. Securities & Exchange Comm'n*, 298 U.S. 1, 19, 80.  Legal prejudice is commonly set forth as prejudice to some legal interest, legal claim, or legal argument.  *Westlands Water Dist. v. U.S.*, 100 F.3d 94, 97 (9th Cir. 1996) (finding no legal prejudice or dilatory behavior where plaintiff waited a month after the court denied a preliminary injunction and settlement efforts failed, and before defendant filed a motion for summary judgment, to file a motion for voluntary dismissal).  "Uncertainty because a dispute remains unresolved is not legal prejudice," nor is the threat of future litigation, which causes uncertainty.  *Id.*  The courts look to five factors in deciding whether to grant a Rule 41(a)(2) dismissal: (1) plaintiff's diligence in making the motion; (2) any unduly vexatious conduct in which plaintiff engaged; (3) the extent to which an action has progressed; (4) expense of relitigating a dismissed action; and (5) adequacy of plaintiff's explanation for seeking dismissal.  *Zagano v. Fordham*, 900 F.2d 12, 14 (2d Cir. 1990).  When all five *Zagano* factors are weighed, each of them militates in favor of granting Plaintiff's motion.

## I.     PLAINTIFF WAS DILIGENT IN BRINGING ITS MOTION.

Soul Circus brought its motion in a diligent manner.  Further, the fact that Soul Circus achieved the main thrust of its Complaint does not deprive it of the right to pursue its other claims relating to Defendants' deliberate infringement upon its marks and failure and refusal to account for their profits earned from trading upon Soul Circus' name, marks and reputation.  The fact remains that Defendants refused to change their conduct until after they were sued.

Defendants gave certain verbal representations however refused to verify the same in writing. After a couple of months, Plaintiff made a business decision to conserve its resources rather than pursue the remainder of this action.  Plaintiff proposed to Defendants that the parties resolve this matter through a stipulation and voluntary dismissal.  Defendant Apollo refused, while Defendant Trevanna had no objection.  After Apollo refused, Plaintiff made a monetary settlement demand to fully resolve the matter, which was also rejected by Apollo without counteroffer.  Plaintiff then proposed a non-monetary resolution of the matter, drafted the proposal, and sent it to Defendants.  Plaintiff received no response from Defendants until the day Plaintiff began drafting this motion.  During the same period of time Plaintiff exchanged discovery schedules with Defendants and once again only Apollo refused to agree upon  the schedule.  In sum, Soul Circus was diligent in bringing its motion to dismiss and the only delay associated with discovery was perpetrated by Apollo's unreasonableness. Even if you accept Apollo's argument that Plaintiff caused a delay the facts would still warrant Plaintiff's motion being granted.

    In *Hinfin Realty Corp. v. The Pittston Co.*, 206 F.R.D. 350 (E.D.N.Y. 2002) the plaintiffs determined that they no longer wanted to proceed with the action, and stopped responding to defendant's discovery requests because they wished to conserve their finances.  *Id.* at 355.  The court held that had the plaintiffs prosecuted their case more vigorously, they might have reached this conclusion earlier.  *Id.*  Nevertheless, the court found that as soon as plaintiffs made that decision, they informed defendant who refused to consent to the dismissal.  *Id.*  Plaintiffs then withdrew their opposition to defendant's motion to stay the action, and when that failed, they promptly filed the motion for voluntary dismissal.  *Id.* at 355-56.  The court found that these actions constituted the necessary diligence needed in moving to dismiss, and ultimately granted

plaintiff's motion for voluntary dismissal without prejudice. *Id.* at 356, 358. *See also Westlands Water District*, 100 F.3d at 97 (holding that although plaintiffs could have sought dismissal sooner than they did, they were not dilatory).

Apollo's reliance on *Pacific Elec. Wire & Cable Co. v. Set Top Int'l Inc.*, No. 03 Civ. 9623, 2005 WL 578916 (S.D.N.Y. Mar. 11, 2005), is misplaced. In that case, plaintiffs accomplished the primary goal of the litigation (settlement with one defendant), and then proceeded to take further discovery and schedule more depositions, forcing defendants to continue defending the action. *Id.* at *5. None of those facts exist here.

## II.    PLAINTIFF HAS NOT ENGAGED IN ANY UNDUE VEXATIOUSNESS.

Apollo is the party that has engaged in deliberate conduct to delay moving this case forward. Soul Circus has been available and responsive. Soul Circus has actively tried to reach an agreement with Apollo with respect to discovery and a potential settlement since February 2008. Soul Circus has acted prudently and attempted to conserve costs and promote judicial efficiency. In every instance Apollo has refused to proceed in any reasonable manner.

In *Tur v. YouTube, Inc.*, No. CV-06-4436 FMC (AJWx), 2007 U.S. Dist. LEXIS 96517 (C.D. Cal. Oct. 19, 2007), defendant advanced an argument similar to Apollo's in opposing plaintiff's motion for voluntary dismissal. Plaintiff filed his action for copyright infringement on July 14, 2006, and did not file his motion for voluntary dismissal until over a year later, sometime in August 2007, after a scheduling conference. *Id.* at * 1-2, 5-6. In its opposition to the motion, defendant accused plaintiff of attempting to avoid discovery. *Id.* at *8. In fact, the parties devoted a "great deal of time and paper to complaining about each other's behavior in connection with the limited discovery requests propounded to date." *Id.* at *11. The court agreed that plaintiff had not made an "exemplary effort to pursue discovery" and that his

4

litigation of the case had been "inartful" at times (*id.* at 7, 11), but held that these accusations were "not relevant" to the underlying question of whether defendant would suffer "plain legal prejudice" as a result of voluntary dismissal at this time. *Id.* at *8. The court found that the litigation was in its earliest stages of discovery and that plaintiff had not engaged in "blatant, 'dilatory tactics'" in failing to pursue discovery. *Tur*, 2007 U.S. Dist. LEXIS 96517, at *7, 11. More importantly, the court held, plaintiff's failure to conduct discovery did not prejudice defendant, "but rather ***has likely saved it*** from significant duplication of effort." *Id.* at *11 (emphasis added). The court granted plaintiff's motion to dismiss without prejudice, finding no showing of "plain legal prejudice." *Id*. at *15.

Moreover, Apollo has not filed any discovery motions and, therefore, cannot pin the blame for lack of progress entirely on Plaintiff. For example, in *DirecTV v. Zink*, 337 F. Supp. 2d 984 (E.D. Mich. 2004), the defendant also opposed voluntary dismissal and argued that the factors used to determine whether plain legal prejudice will result weighed against allowing the dismissal because plaintiff refused to respond to document requests and interrogatory answers for nearly 12 months. *Id.* at 989. However, the court found that it "would be inappropriate to rule that Plaintiff was the cause of excessive delay or lack of diligence" where defendant had not made any discovery motions (such as a motion to compel) in the case. *Id.* at 990. The court granted plaintiff's motion for voluntary dismissal. *Id.*

Finally, the court's ruling in *Pharmacia & Upjohn Co. v. Generation Health*, No. 1:97-cv-259, 1998 U.S. Dist. LEXIS 21534 (W.D. Mich. May 18, 1998) is also instructive. In that case, plaintiff filed its original complaint on April 7, 1997. *Id.* at *2. On August 26, 2007, the court entered a Case Management Order requiring plaintiff to disclose the names of its witnesses to defendant by December 1, 1997. *Id.* at *3-4. The Order also set a discovery completion date

of March 1, 1998.  *Id.* at *4.  Defendant filed a motion to compel on November 7, 1997, contending that plaintiff had continually refused to respond to its discovery requests.  *Id.*  Ten days later, plaintiff filed its motion for dismissal without prejudice pursuant to Rule 41(a)(2).  *Id.*  Despite plaintiff's discovery failures, the court granted the motion to dismiss without prejudice, finding that the case had not reached the point "'when the law clearly dictates a result for the defendant.'"  *Pharmacia & Upjohn Co.*, 1998 U.S. Dist. LEXIS 21534, at *7-8, 20.  The same holds true here, and any discovery failures of Plaintiff do not rise to the level of substantial legal prejudice for purposes of this Rule 41(a)(2) motion.

### III.    THIS LITIGATION IS IN ITS EARLY STAGES.

Tellingly, Apollo provides no response to this factor, and with good reason.  It is clear that this case is in the very earliest stages of litigation.  The parties had a Rule 16 scheduling conference a mere one week before this motion was filed, Rule 26 disclosures have been discussed but not served, no other discovery has occurred and no trial date has been set.  *See, e.g., Levit & Gershman*, No. 02 Civ. 6386 (JCF), 2003 U.S. Dist. LEXIS 5216, at *4 (S.D.N.Y. Apr. 2, 2003) (finding the factors favor plaintiff because although an initial pretrial conference was held and Rule 26(a)(1) disclosures were made, "there has been only limited written discovery and no depositions have occurred").

### IV.    THE DUPLICATIVE EXPENSE OF RELITIGATION IS NOT UNREASONABLE.

Apollo admits that "starting a litigation all over again" does not in itself constitute legal prejudice, but then tries to make an indiscernible distinction by arguing that the threat of future litigation hanging over its head is highly prejudicial.  This is simply not so.

Courts from all jurisdictions have consistently held that legal prejudice does not result simply because the defendant faces the threat of future litigation hanging over its head. *See, e.g., Acequip Ltd. v. Am. Eng'g Corp.*, 219 F.R.D. 44, 46 (D. Conn. 2003) (granting plaintiffs' motion for voluntary dismissal without prejudice); *B& J Mfg. Co. v. D.A. Frost Indus., Inc.*, 106 F.R.D. 351, 353-54 (N.D. Ohio 1985) (holding that the threat of future litigation which can cause uncertainty does not support defendant's claim of undue prejudice); *Louis v. Bache Group, Inc.*, 92 F.R.D. 459, 460 (S.D.N.Y. 1981) (same); *see also Creative Labs, Inc. v. Orchid Technology Ltd.*, No. C 93-3429 THE, 1997 WL 588923 (N.D. Cal. Sept. 12, 1997) (holding that "merely facing the prospect of future litigation is insufficient to establish plain legal prejudice" and granting dismissal without prejudice); *Davis v. USX Corp.*, 819 F.2d 1270, 1274-75 (4th Cir. 1987) (same); 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2364 n.17 (2d ed. 1995 & Supp. 2005) (discussing additional cases).

Apollo's citation to *Pacific Elec. Wire*, supra, and *Deere & Co. v. MTD Holdings, Inc.*, No. 00 Civ. 5936(LMM), 2004 WL 1432554 (S.D.N.Y. June 24, 2004) is misleading. In *Pacific Elec. Wire*, the court was persuaded by the fact that the remaining defendants had taken further discovery and scheduled more depositions after plaintiff had settled with one of the defendants. Not so here. And in *Deere*, the case had been pending for nearly four years, 62 depositions had already been taken, thousands of documents had been produced by both parties, discovery was complete, numerous motions had been filed and disposed of, and defendant had incurred more than $6 million in legal fees. *Deere & Co.*, 2004 WL 1432554, at *2. Here no such prejudice exists.

In fact, the defendant in *Pharmacia & Upjohn Co.*, *supra*, tried to make Apollo's exact same argument and was rebuffed by the court. There, the defendant argued that dismissal without

prejudice would be fundamentally unfair because it would leave the company "totally exposed to a continuing risk of crippling injunctive and monetary relief." *Id.* at *10. The court disagreed *Id.* at *11.

### V.    PLAINTIFF HAS PROVIDED AN ADEQUATE EXPLANATION FOR THE NEED TO DISMISS, AND ITS MOTIVES ARE IRRELEVANT.

Apollo has failed to assert how it has been prejudiced as a result. Instead, Apollo relies on statements that are taken out of context from a series of cases as support.

Apollo first cites *Jewelers Vigilance Committee, Inc. v. Vitale, Inc.*, No. 90 Civ. 1476, 1997 WL 582823, at *3 (S.D.N.Y. Sept. 19, 1997) wherein the court found that plaintiffs' explanation was rational, but that plaintiff had waited at least six years after its claims became moot to bring the motion to dismiss. Further, the defendants in that case had previously offered to consent to a voluntary discontinuance, and plaintiff turned them down. As a result, *Jewelers* is inapplicable. *Pacific Elec. Wire*, *supra*, and *Jiggets v. New York City Human Resources Admin.*, No. 94 Civ. 9175, 1997 WL 260065, at *3 (S.D.N.Y. May 19, 1997) are also inapplicable. In *Pacific Elec. Wire*, the court was not impressed with plaintiffs' explanation because it found that plaintiff had other goals in the litigation. 2005 WL 578916, at *6. And in *Jiggets*, the court was persuaded that plaintiffs' explanation was inadequate in part because the plaintiffs had not conducted any discovery during the duration of the litigation, which had been pending for more than two years, while defendant had already served interrogatories and document requests and had deposed four witnesses. 1997 WL 260065, at *3. Finally, Apollo's reliance on *Deere*, *supra*, fails for the same reasons as set forth above.

Apollo also tries to argue that Soul Circus' motives for seeking dismissal are suspicious, but this whole argument amounts to mere speculation, and should be disregarded by the Court.

Plaintiff did not bring this motion in an attempt to avoid compliance with directives of the court. Plaintiff has a rational business basis for its actions. *See The Gap, Inc.*, 169 F.R.D. at 588 (granting plaintiff's motion for voluntary dismissal without prejudice and holding that plaintiff offered a "plausible explanation" for its dismissal because its stated reason for bringing the action had been achieved).  It should be noted that the motive or strategy behind voluntary dismissal does not provide a valid basis for denying such a motion.  *See D'Alto v. Dahon Cal., Inc.*, 100 F.3d 281, 283 (2d Cir. 1996) (pursuit of a tactical advantage does not constitute legal prejudice); *In re Shavit*, 197 B.R. 763, 769 (S.D.N.Y. 1996) (same); *Klar v. Firestone Tire & Rubber Co.*, 14 F.R.D. 176, 176 (S.D.N.Y. 1953) (the fact that the movant seeks a dismissal to take advantage of a more favorable limitations period by subsequently filing suit in a different court should not bar dismissal).

Moreover, Apollo's cases are easily distinguishable.  In *Barksdale v. Onondaga Cty. Sheriff's Dep't.*, No. 97 Civ. 966, 2000 WL 804643 (N.D.N.Y. June 12, 2000), the action had been pending for almost three years and the judge had devoted significant time to move the case to trial. *Id.* at 3-4. And in *Greguski v. Long Island R.R. Co.*, 163 F.R.D. 221 (S.D.N.Y. 1995), the complaint was filed in Sept. 1994, and plaintiff had agreed to a discovery schedule that set the end of discovery in April 1995 with trial in the last ten calendar days of May 1995.  *Id.* at 223 Plaintiff did not request that the case be voluntarily dismissed without prejudice until one week before trial was to begin.  *Id.*

**VI.    VOLUNTARY DISMISSAL WITH PREJUDICE IS A DRASTIC ALTERNATIVE AND THE COURT SHOULD DECLINE TO CONVERT PLAINTIFF'S MOTION.**

Soul Circus contends that voluntary dismissal with prejudice would be inappropriate in the instant case.  There is a presumption in favor of dismissal without prejudice "absent 'plain

legal prejudice' to the defendant." *Team Obsolete v. A.H.R.M.A. Ltd.*, 216 F.R.D. 29, 36 (E.D.N.Y. 2003) (quoting *Cone v. W.V. Pulp & Paper Co.*, 330 U.S. 212, 217 (1947)).  As shown above, Apollo has failed to demonstrate such prejudice.  Further, "[d]ismissal with prejudice is a ***drastic*** sanction to be applied [by federal district courts] only in extreme situations." *Syracuse Broadcasting Corp. v. Newhouse*, 271 F.2d 910, 914 (2d Cir. 1959) (emphasis added); *Fayemi v. Hambrecht & Quist, Inc.*, 174 F.R.D. 319, 325 (S.D.N.Y. 1997) (same).  Dismissal with prejudice would also have a res judicata effect that would be unfair to Plaintiff at this early stage in the prosecution of its claims.  *See In re Shavit*, 197 B.R. at 768 (stating that "a dismissal with prejudice is a complete adjudication on the merits, with res judicata effect").  Accordingly, the Court should decline to convert Plaintiff's motion to one for dismissal with prejudice.

## CONCLUSION

For all of the reasons stated above, Plaintiff's motion to voluntarily dismiss the action without prejudice should be granted.

Respectfully submitted,

SOUL CIRCUS, INC.

By:    s/T. Andrew Brown_____
       One of Its Attorneys

Andrew Brown
SDNY Bar Code:  TB7261
Brown & Hutchinson, Attorneys at Law
925 Crossroads Building
Two State Street
Rochester, New York 14614
(585) 454-5050

R. Delacy Peters, Jr.
FREEBORN & PETERS LLP
311 S. Wacker Drive
Suite 3000
Chicago, Illinois  60606
Phone:  (312) 360-6000

Dated: March 31, 2008

1517923v1