UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
SOUL CIRCUS, INC.,

                    Plaintiff,


          -against-                                                    07 Civ. 10597 (LAK)


TREVANNA ENTERTAINMENT, INC., et ano.,

                    Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


**MEMORANDUM OPINION**


          Appearances:


                              T. Andrew Brown
                              BROWN & HUTCHINSON

                              R. Delacy Peters, Jr.
                              FREEBORN & PETERS LLP

                              *Attorneys for Plaintiff*

                              Lawrence W. Rader

                              Kerry L. Konrad
                              Jennifer R. Rackoff
                              SIMPSON THACHER & BARTLETT LLP
                              *Attorneys for Defendants*


LEWIS A. KAPLAN, *District Judge.*

          This matter is before the Court on plaintiff's motion to discontinue the action without

prejudice.  Defendants stoutly resist.

2

*Facts*

Plaintiff claims to operate a circus under the name Universoul Circus and to use a variety of alleged marks that use the word "soul."  In October 2007, it claims to have learned that defendant Trevanna Entertainment, Inc. ("Trevanna") intended to put on a show at the world famous Apollo Theater in Harlem, which is owned by defendant The Apollo Theater Foundation, Inc. ("Apollo"), using the names "Circus of Soul" and/or "Apollo Circus of Soul."  It demanded that defendants cease and desist from the use of those names.  But the show went on as planned for about ten days.  Plaintiff later brought this action for trademark infringement, seeking among other things to recover the defendants' profits from the show.  On December 13, 2007, defendants notified plaintiff that they had stopped using the names in question as of December 4, 2007.[1]  Yet plaintiff declined to drop the suit.

The Court held an initial conference with counsel on February 22, 2008, established a rapid schedule for litigation of the action, and set a trial date.[2]  As frequently occurs, the Court raised the issue of settlement.  After some discussion, it inquired whether the parties would like the Court's preliminary assessment of the case, as it might facilitate an amicable resolution.  The Court noted that it would give its view only if all parties agreed and emphasized that its assessment necessarily was extremely tentative given the early stage of the case.  All counsel requested the Court's view.  The Court then indicated its view that plaintiff did not seem to be in a very strong position and that it was unlikely to gain what amounted to an exclusive right to use the word "soul" in this context.

---

[1] Rackoff Aff. ¶ 2.

[2] The scheduling order was filed on February 28, 2008.

3

Five days later, plaintiff moved to discontinue the action without prejudice.

*Discussion*

The stated basis for the motion is that plaintiff repeatedly has tried to settle the matter with defendants, but that the defendants have rejected all material terms of its proposals. "Therefore," plaintiff says, "this Motion is filed to obtain a Voluntary Dismissal without prejudice from this Honorable Court."[3]   Later in its papers, it justifies the application by saying that defendants' change of name and other unspecified actions achieved "the main thrust of Plaintiff's Complaint" and that it wishes to avoid further expenditures in light of this achievement.[4]

If plaintiff had sought a voluntary dismissal with prejudice, its explanation would make perfect sense.  Plaintiff was told that defendants have changed the name they used and that they were prepared to stipulate not to use "Apollo Circus of Soul" in the future.  If that was "the main thrust" of the action, the avoidance of additional expense would be a perfectly sensible course of action.  But plaintiff does not seek a dismissal with prejudice.  It seeks to preserve its ability to sue defendants in another forum.

*Discussion*

The availability of a dismissal without prejudice lies within the discretion of the district court.[5]  In exercising that discretion, a court considers (1) the plaintiff's diligence in bringing

---

[3]     Pl. Mem. [docket item 11] at 4.

[4]     *Id.* at 8.

[5]     *See Zagano v. Fordham Univ.,* 900 F.2d 12, 14 (2d Cir. 1990).

4

the motion, (2) any "undue vexatiousness" on plaintiff's part, (3) the extent to which the suit has progressed, (4) the duplicative expense of relitigation, and (5) the adequacy of plaintiff's explanation for the need to dismiss.[6]

In this case, plaintiff has not been especially diligent. The case was filed in November. Plaintiff was advised in early December that defendants had changed the names to which plaintiff had objected. Yet plaintiff did not seek dismissal without prejudice, despite the achievement by December 4 of what it now contends was "the main thrust" of the action, until February 27 – after a rapid pretrial schedule and a prompt trial date had been set and after the Court, with plaintiff's agreement, offered a preliminary opinion about the case that was not to plaintiff's liking.

If plaintiff is to be taken at its word – that is, if a cessation of the use of the names to which it objected was "the main thrust" of this case and if its objective in dismissing is to avoid legal expenses – plaintiff's actions are also unduly vexatious. For if those were the real reasons for its action, its goals would be served equally by a dismissal with prejudice and its insistence on a without prejudice dismissal would serve little or no purpose. The circumstances of this motion, however, suggest plaintiff's goal may be to avoid an adverse determination on the merits[7] in order to enhance its settlement leverage. This object as well, in this Court's view, would be unduly vexatious.

To be sure, this action has not progressed very far, and there would be little to relitigate. But plaintiff's failure to offer a persuasive reason for dismissal without prejudice, the

---

[6]     *Id.* at 14; *Camilli v. Grimes*, 436 F.3d 120, 124 (2d Cir. 2006); *D'Alto v. Dahon Cal., Inc.*, 100 F.3d 281, 283 (2d Cir. 1996).

[7]     *See* 9 CHARLES A. WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 2364, at 488-89 (3d ed. 2008) (attempts to avoid adverse result by voluntary dismissal are disfavored).

5

vexatious nature of its actions, its attempt to avoid a prompt resolution in a forum no longer to its liking, and its failure to seek such a dismissal earlier all weigh in favor of the defendants.  Thus, balancing all of the *Zagano* factors, the Court declines to dismiss without prejudice.

### *Conclusion*

For the foregoing reasons, the plaintiff's motion to dismiss the action without prejudice [docket item 11] is denied.

SO ORDERED.

Dated:        April 2, 2008

Lewis A. Kaplan
United States District Judge

(The manuscript signature above is not an image of the signature on the original document in the Court file.)